WILLIAM CALHOUN a/k/a William Burns
Calhoun v. STATE OF MARYLAND

[No. 1670, September Term, 1981.]

*Decided October 7, 1982.*

The cause was argued before Lowe, J., and Raymond G. Thieme, Jr., Associate Judge of the Fifth Judicial Circuit and Hilary Caplan, Associate Judge of the District Court of Maryland for District 1, specially assigned.

*Mark Colvin, Assigned Public Defender,* for appellant.

*Richard Rosenblatt, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Robert Lazzaro, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

Thieme, J., delivered the opinion of the Court. Caplan, J., dissents and files a dissenting opinion at page 523 *infra.*

William Calhoun, a/k/a William Burns Calhoun, the appellant, was charged by indictment with premeditated murder, felony murder, robbery with a deadly weapon, kidnapping, use of a handgun in the commission of a crime of violence, and related offenses. On July 22-29, 1981, in the Circuit Court for Baltimore County, the Honorable Cullen H. Hormes heard and denied appellant's motion to suppress physical evidence and a statement appellant gave to the police. On October 13-15, 1981, the appellant was tried by a jury, Judge Hormes presiding. Appellant was convicted of premeditated murder, felony murder, robbery with a deadly weapon, kidnapping, and use of a handgun in the commission of a crime of violence. On October 15, 1981, appellant was sentenced to life imprisonment plus twenty years. The appellant claims that the trial judge erred because he:

1. failed to suppress the appellant's statement; and
2. denied the appellant's constitutional right to a speedy trial; and
3. denied the appellant's right to be tried within 180 days as required by Maryland Rule 746.

The appellant's three issues will be considered *seriatim.*

I.

*Denial of the Motion to Suppress Statement*

Appellant seeks reversal of the trial court's determination that the confession need not be suppressed based upon an alleged noncompliance with Maryland District Rule 723a which provides in pertinent part:

"A defendant who is detained pursuant to an arrest shall be taken before a judicial officer without unnecessary delay and in no event later than 24 hours after arrest. A charging document shall be filed promptly after arrest if not already filed."

As a preliminary matter, it should be noted that noncompliance with Maryland District Rule 723a at the time of the suppression hearing did not mandate suppression of the statement, but rather noncompliance was merely a factor to be considered in making a determination as to overall voluntariness. Maryland Annotated Code, Courts and Judicial Proceedings Article 10-912 (1980 Repl. Vol. 1982 Cum. Supp.). Section 10-912 became effective July 1, 1981. While admittedly this effective date was subsequent to the arrest and making of the statement, it was in effect at the time of the suppression hearing and therefore applies in this case. *See, generally, McClain v. State,* 288 Md. 456 (1980). No challenge to voluntariness generally was ever lodged against the confession in this case, and therefore there is no basis on which to suppress the statement.

In this case, appellant waived his right to a prompt presentment immediately after he was arrested for the homicide at 3:00 p.m. on January 15, 1981. Appellant now contends that the waiver is of no effect due to the incarceration prior to the homicide arrest. While appellant properly states that under *Logan v. State,* 289 Md. 460 (1981), a waiver of prompt presentment does not foreclose objection to a preceding detention, the Court of Appeals made clear in *Kennedy v. State,* 289 Md. 54 (1981), that the improper detention without presentment must relate to the

same crime for which the statement is obtained. In this case, the original detention of which appellant complains related to his detention based on the suspected narcotics violation. Although he was implicated through a statement by his brother earlier in the day, the information provided by appellant's brother was new information that had to be corroborated through an additional search. Such conduct was totally reasonable and, as the Court of Appeals pointed out in *Kennedy,* there is no right to be arrested on a specific charge. In this case, appellant was not arrested on the homicide charge until 3:00 p.m. Thus, any previous delay is not proper for consideration in conjunction with this case. As appellant waived his right to a prompt presentment upon being arrested on the homicide charge, the trial court properly refused to suppress his statement.

## II.

### *Denial of Constitutional Right to Speedy Trial*

The delay in the instant case between the time of arrest and the actual trial was just under nine months; January 15, 1981 to October 13, 1981. Before there is any need to apply the four factors encompassed in the speedy trial balancing test, the length of the delay must be of constitutional dimension. In this case, trial was originally set to encompass multiple murders by multiple defendants. Thus, it was not a simple, garden variety homicide.

Even if a constitutional analysis is applied, it is clear that the trial court properly denied the motion to dismiss the indictment. In addition to triggering the four factor balancing test, length of the delay is a factor to consider in achieving the balance. *Wilson v. State,* 44 Md. App. 1 (1979). When placed on the scale, a delay of under nine months carries little weight in the balance.

With regard to reasons for the delay, appellant concedes that the initial three months and five days of the delay was necessitated by "orderly process" of the case and is not weighed against the State.

On April 21, 1981, appellant filed a plea of not guilty by reason of insanity necessitating an evaluation by the Clifton T. Perkins Hospital. As reflected by the docket entries, the referral to Perkins was made on April 21, 1981. Under Art. 59, § 26 of the Maryland Code, 60 days are allotted for the evaluation of the competency of an accused. The fact that a referral has been made does not mean that there must be an immediate transportation for evaluation to Perkins. In fact, subsection e of Art. 59, § 26 specifically addresses instances where the transportation is not immediately accomplished. In this case, the report from Perkins was filed within the 60-day time period and, thus, the entire time between April 21 and June 8 was not chargeable to the State as it was necessitated by the insanity plea.

The time between the filing of the Perkins' report and the holding of the pretrial motions hearing (June 8 to July 22) is chargeable to the State, as the State must shoulder the burden to bring an accused to trial. This time period is due very little weight in the balance because a pretrial motions hearing had previously been scheduled for April 23, 1981, and the only basis for that postponement was the filing of the insanity plea. Moreover, as discussed in the preceding argument, this time period was still within the first 180 days following the first appearance in court and therefore no "alert" could be implied. Further, at this point in the chronology of events, there had been no demand nor inquiry toward the attainment of a speedy trial. As appellant concedes in his brief, the period between the start of the suppression hearing (July 22) until the first trial date (August 4) is clearly not chargeable to the State.

As appellant notes, the Court of Appeals in *Jones v. State,* 279 Md. 1, 12 (1977), acknowledged that an election to try a severed co-defendant before the appellant is a period of time chargeable to the State. Thus, the State is responsible for the final delay, August 4 to October 13, 1981.

In summary the only periods of delay chargeable to the State were the five and one-half weeks between the filing of the insanity report and the holding of the suppression

hearing and the two months and nine days necessitated by trying the co-defendant first. Both periods of delay chargeable to the State were done without malice and not for the sole purpose of denying appellant a speedy trial. Rather, they were necessitated by appellant being implicated along with others and by appellant filing an insanity defense. Thus, even these periods of delay should not be heavily weighed.

It is conceded that on August 4, 1981, appellant specifically noted his refusal to consent to any postponement and noted his willingness to proceed to trial on that date. He had previously opposed severance despite noting the clear *Bruton* problem involved. He, thus, in effect, asserted his right to a speedy trial at that time. He again asserted his right through the filing of a motion to set trial date filed on August 14 and again at a hearing on that motion filed August 24, 1981.

Appellant does not complain of any prejudice resulting from the delay that hampered his defense. Rather his claim of prejudice relates to his pretrial incarceration. While this type of prejudice is certainly worthy of weight in the balance, it is not entitled to as great a weight as where the delay hampers the ability to prepare a defense. Furthermore, the part of the delay appellant implies is unreasonable (from the trial date of August 4 when his case was not called) totals only two months and nine days.

In summary, the overall delay in this case was not so great and of the approximately nine months between arrest and trial only the five and one-half weeks between the insanity report and motions hearing and the two months and nine days at the end are chargeable to the State. These time periods are not entitled to great weight in the balance as they were readily explained, and did not prejudice appellant's ability to defend himself. Thus, under these circumstances, dismissal of the indictment is not warranted.

## III.

### *Violation of Rule 746*

Appellant urges in his brief that ". . . because he neither sought nor expressly consented to a trial date in violation of Rule 746, the charges against him should have been dismissed." In other words, the appellant urges that he be absolved of premeditated murder and all other crimes of which he has been found guilty, not because his constitutional rights were violated, not because he was denied a fair trial, not because there was insufficient evidence to sustain the jury's verdict, but solely because the rubrics of a Court rule were not precisely followed.

In addition to Rule 746, Art. 27, § 591, must be considered. The statute and rule require that the appellant be tried no later than 180 days after the appearance of counsel or waiver of counsel or after the appearance of the defendant pursuant to Rule 723. It is further provided that the trial date can be postponed for good cause shown by the moving party and with the permission of the Administrative Judge. While the present facts obviously show that the appellant was not tried within 180 days, the requirements for a postponement beyond 180 days were met.

The recent case of *Goins v. State,* 293 Md. 97 (1982), discussed the requirements of Sec. 591 and Rule 746 for postponing cases past the 180-day period. There, Judge Eldridge, writing for the Court, outlined three preconditions necessary for a postponement. First, a party or the Court *sua sponte* must request the postponement. Second, good cause must be shown by the moving party. Third, the County Administrative Judge or a judge designated by him must approve the extension of the trial date. Applying these procedures to the present facts, the three requirements were met.

On August 4, 1981, the following colloquy reflects the prosecutor's desire for a postponement.

THE COURT: Have a seat. Now, before we start the selection of the jury, is there anything else? I notice another defendant.

MR. LAZZARO: Yes, Your Honor. I think I would submit to Your Honor that by necessity this, Mr. Calhoun's case, would have to be postponed at this time because he is not involved in the offenses with which we are proceeding today. And because in any event his case ... has been severed from the defendant Thomas. We obviously cannot try him at the same time under a different indictment.

Thus, while the request for a postponement was made orally and not by a formal, written order, the action of the Judge in proceeding with the trial of the co-defendant indicates his understanding that the State sought to postpone the case and he complied. Therefore, the requirement of *Goins* that a party move for the postponement was met.

Secondly, the July 29th grant of a motion for severance by the co-defendant prohibiting the trial of both defendants on August 4th meets the "good cause" requirement. The requirement of "good cause" does not mean "best cause". The late severance of the defendants placed the State and the trial court in the position where only one case could be tried on the scheduled trial date.

Finally, the requirement that the moving party obtain approval from the Administrative Judge is met by a close review of the facts. The actions of Judge Haile on August 4th and Judge Cicone on August 24th reflect the requisite approval. On August 4th, Judge Haile excused the appellant and counsel because the State chose to proceed with the co-defendant's trial. At that time, the Judge instructed the prosecutor that any formal postponement must be granted by the County Administrative Judge, Judge Cicone. From the record, therefore, the dismissal of counsel on August 4th in order to try the co-defendant constituted a *de facto* order of postponement by the trial judge pending approval by the Administrative Judge. Although delayed, on August 24th, Judge Cicone acquiesced with the postponement and

instructed the prosecutor to obtain a new trial date. Showing little doubt that he agreed with the "good cause", Judge Cicone noted ". . . the postponement was due to the severance and you had to call one of the defendants at that time." Admittedly, Judge Cicone at that point in time had no alternative but to acquiesce in what had become a fait accompli. Nevertheless, as has been properly pointed out:

> "As long as the County Administrative Judge extends or *approves of the extension* of the trial date, and the order is supported by the necessary cause, the requirements and purposes of Sec. 591 and Rule 746 have been fulfilled." *Goins v. State,* 293 Md. 97, 111-112 (1982) (emphasis supplied).

The trial judge was aware of the problem due to severance and recognized that the appellant could not be tried. Therefore, exercising proper control over his docket, Judge Haile excused counsel which in essence was also an order of postponement. The subsequent approval by Judge Cicone then placed the postponement in accordance with the rule and statute so interpreted by *Goins.*

> *Judgments affirmed.*
> *Appellant to pay costs.*

*Caplan, J. dissents:*

I respectfully dissent based solely on what I believe to be a violation of Rule 746.

The Maryland Code (1957, 1982 Repl. Vol.) Art. 27, Sec. 591 as implemented by Md. Rule 746 clearly requires that in the Circuit Court criminal case, no trial date shall be set later than 180 days after the appearance of counsel or waiver of counsel or after the appearance of the defendant pursuant to Md. Rule 723. It also provides that "(t)he date established for the trial of the matter shall not be postponed except for good cause shown by the moving party. . ."

The Court of Appeals in *State v. Hicks,* 285 Md. 310, 403 A.2d 356, in motion for reconsideration 285 Md. 334, 403

A.2d 368 (1979), held that the 180-day time limit was mandatory and that where a case is not tried within the requisite time and does not comply with the requirements of Art. 27, Sec. 591 and Md. Rule 746, "dismissal of the criminal charges is the appropriate sanction." 285 Md. at 318, 403 A.2d 356.

There is an exception to the dismissal requirement "where the defendant, either individually or by his attorney, seeks or expressly consents to a trial date in violation of Md. Rule 746, Id. at 335, 403 A.2d 368". No such exception is present here.

The State contends that "good cause" exists in this case and indeed that may be so. However, even if "good cause" exists, the fact remains that no order of postponement extending the trial beyond the 180-day limit was granted.

The State never sought a postponement even though it was invited to do so on the trial date of August 4. Not only did the State fail to request a postponement, but no sua sponte order for a postponement was made by the trial judge.

The Court of Appeals in *Goins v. State,* 293 Md. 97, 442 A.2d 550 (1982) clearly articulated what is necessary to permit a trial to be postponed beyond the mandatory 180-day limit of Md. Rule 746. The Court stated that "good cause" for the extension must be shown and that an order postponing the trial date must be granted or approved by the county administrative judge. As stated in *Goins v. State,* supra, at 293 Md. 111-112:

> ". . . (A)s long as the county administrative judge extends or approves of the extension of the trial date, and the order is supported by the necessary cause, the requirements and purposes of Par. 591 and Rule 746 have been fulfilled."

Because no order was signed approving the extension, the trial of the case beyond the 180-day limit was a clear violation of Art. 27, Sec. 591 and Md. Rule 746, and dismissal of the charge is the appropriate sanction.