508 A.2d 490

**Avery V. FERRELL**

v.

**STATE of Maryland.**

**No. 1027, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

May 12, 1986.

460

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender on brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Thomas J. McNicholas, Asst. State's Atty. for Baltimore City on brief), Baltimore, for appellee.

Submitted before BLOOM, KARWACKI, and WENNER, JJ.

WENNER, Judge.

Avery V. Ferrell, the appellant, was convicted by a jury in the Circuit Court for Baltimore City (Levin, J.) of breaking into a storeroom and stealing. The court sentenced him to five years in prison. On appeal he contends that:

1. He was denied his constitutional right to a speedy trial; and

2. He was not given all of the credit he was entitled to receive for the time he served prior to the conviction.

Because we agree that he was denied his constitutional right to a speedy trial, we shall reverse the judgment against him. We need not, therefore, decide the second issue.

## BACKGROUND

Appellant was arrested for storeroom breaking on October 12, 1983. Shortly after that, he was charged with several unrelated offenses, including assault with intent to murder. At his arraignment for storeroom breaking on December 19, 1983, appellant filed a motion for speedy trial. As far as we can tell,[1] pretrial preparations proceeded normally. Trial was scheduled for March 6, 1984, but was postponed at the request of the parties [2] because appellant was trying to arrange a plea bargain with the State. In order to facilitate the plea negotiations, the storeroom

---

1. The appellant has provided us with a lengthy, detailed statement of facts which has nothing whatsoever to do with the issues raised by him. The State accepted this statement of facts. Our summary of the *relevant* facts, therefore, is drawn from what we can glean from the arguments of the parties and the record.

2. On March 6, 1984, appellant waived his rights under Rule 4–271(a).

breaking charge and the charge of assault with intent to murder were consolidated.[3]

A new trial date of April 4, 1984 was set. On that date the case was again postponed. By that time, apparently, plea negotiations had failed. Although the record is silent on the subject, it appears to us that the charges of storeroom breaking and assault with intent to murder were still consolidated. The cases were scheduled for trial on May 21, 1984; July 31, 1984; and August 1, 1984, but were postponed each time. Trial on the charge of assault with intent to murder began on November 26, 1984, and ended in an acquittal of appellant on November 30, 1984. The State still had not called the storeroom breaking charge for trial. Appellant remained in jail until January 16, 1985, when he was released on bail. On that date defense counsel called the court's criminal assignment office to check on the status of the case. The assignment office then called the State's Attorney and the case was immediately scheduled for trial. On February 5, 1985, a hearing was held on appellant's motion to dismiss for failure to grant a speedy trial. The motion was denied. The trial finally began on May 8, 1985, and, as we have noted, appellant was convicted of breaking into a storeroom and stealing.

## THE LAW

■ We note at the outset that there is no constitutional right to be tried within a specified period of time. Whether or not a defendant's right [4] to a speedy trial has been denied must be determined on a case-by-case basis. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972);

---

3. The reasons for the continuance and the consolidation are not fully explained in the record.

4. The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and Article 21 of the Maryland Declaration of Rights. These provisions are viewed as essentially analoguous. *State v. Gee*, 298 Md. 565, 471 A.2d 712 (1984), *cert. denied*, 467 U.S. 1244, 104 S.Ct. 3519, 82 L.Ed.2d 827.

*Epps v. State,* 276 Md. 96, 345 A.2d 62 (1975). In *Barker v. Wingo, supra,* the Supreme Court set out a four-part balancing test of factors to be weighed in determining whether a defendant has been denied his right to a speedy trial. The factors included are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant resulting from the delay. 407 U.S. at 530, 92 S.Ct. at 2192. In discussing these factors, however, the Court observed that: "[t]he length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into other facts that go into the balance." *Id.* Thus, at the outset, appellant must demonstrate that the delay was of constitutional dimension.

### 1. *Length of Delay*

The length of time to be assessed for speedy trial purposes is the period between the initiation of the prosecution by arrest or formal charge and the date of trial. *State v. Gee,* 298 Md. 565, 568, 471 A.2d 712 (1984), *cert. denied,* 467 U.S. 1244, 104 S.Ct. 3519, 82 L.Ed.2d 827. As we have said, appellant was arrested on October 12, 1983. Therefore, we compute the delay from that date until the date of trial—a delay of eighteen months and twenty six days. This is a delay of constitutional dimension which necessitates an inquiry into the other three factors. *See Epps v. State, supra,* (12½ month delay held "presumptively prejudicial"); and *Smith v. State,* 276 Md. 521, 350 A.2d 628 (1976) (16 month delay).

### 2. *Reason for the Delay*

The delay in the case *sub judice* can be divided into three periods. During the first period, between October 12, 1983 and March 6, 1984, a period of almost five months, the parties engaged in normal pretrial preparations. We regard this time as neutral. Consequently, it is not charged against either party. *Hines v. State,* 58 Md.App. 637,

653–54, 473 A.2d 1335, *cert. denied,* 300 Md. 794, 481 A.2d 239 (1984). The second period, from March 6, 1984 until April 4, 1984, a period of approximately one month, occurred because the parties agreed to a postponement. This delay is also neutral and is not charged against either party. The final period is from April 4, 1984 until May 8, 1985, a period of thirteen months and four days. This delay is chargeable to the State. To be sure, for a portion of that time the prosecutor was ill and, consequently, unavailable for trial. The State, however, did not give any explanation of how long the prosecutor was ill. All we know is that he had recovered by August 1, 1984. While the entire delay from April, 1984 until May 4, 1985 is chargeable to the State, we recognize that, because of the prosecutor's illness, for a portion of the time between May, 1984 and July, 1984 the State is less culpable. On the other hand, the State has offered no excuse for the delay between August 1, 1984 and May 8, 1985. That delay is chargeable solely to prosecutorial indifference and hence carries a heavy weight against the State. *Lee v. State,* 61 Md.App. 169, 179, 485 A.2d 1014.

### 3. *Assertion of the Right*

Appellant promptly asserted his right to a speedy trial. His motion for a speedy trial was filed on December 19, 1983. This factor weighs in appellant's favor.

### 4. *Prejudice*

In discussing the prejudice factor, the Supreme Court in *Barker v. Wingo, supra,* 407 U.S. at 532, 92 S.Ct. at 2193, said:

A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the

inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown. (Footnote omitted)

Appellant was incarcerated for most of the pretrial time. Prior to November 30, 1984, he was incarcerated for the charge of assault with intent to murder. Consequently, the time served by him prior to November 30, 1984 may not be counted against the State. On the other hand, appellant was incarcerated for about six weeks following his acquittal of that charge on November 30, 1984. This period relates solely to the instant case and is presumed to have caused appellant some prejudice. This type of prejudice is accorded some weight; since appellant did not claim that his ability to prepare a defense was impaired, however, it will not be given great weight in the balancing process. *Calhoun v. State*, 52 Md.App. 515, 520, 451 A.2d 146 (1982), *rev'd on other grounds*, 299 Md. 1, 472 A.2d 436 (1984).

## THE BALANCING

■ The length of the delay in this case was substantial. At least thirteen months of the delay are chargeable to the State. At least nine of those thirteen months (August 1, 1984 to May 8, 1985), were due to prosecutorial indifference. As we have observed, this delay weighs heavily against the State. As we have also observed, appellant asserted his right to a speedy trial promptly and incurred some prejudice, although it was not severe. On balance, we find that appellant's right to a speedy trial was violated. The judge should have granted appellant's motion to dismiss.

JUDGMENT REVERSED.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.