## ALEXANDER ARTHUR LESTER *v.* STATE OF MARYLAND

[No. 364, September Term, 1969.]

*Decided June 23, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Philip M. Sutley* for appellant.

*John J. Garrity, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County* and *Gary Huddles, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, Alexander Arthur Lester, was convicted of kidnapping and rape in a non-jury trial in the Circuit Court for Baltimore County. Consecutive sentences of 20 years and 21 years, respectively, were imposed.

The victim, a 22-year old married woman, testified that upon her arrival at the parking lot of the hospital in which she was employed as a psychiatric aide, she was approached by a man whom she identified in court to be the appellant. According to her testimony, the appellant "put one arm around my neck, and what I thought was a knife to my throat and told me to just go, to get in his car, and not to try anything, and I wouldn't get hurt." The appellant drove the witness some distance to a "small circular clearing" in a wooded area where he had "sexual intercourse" with her under circumstances where she "was scared to death." Appellant then drove the witness back to the entrance to the hospital whereupon she got out of the car and jumped into a police car which had pulled up behind appellant's. Appellant speeded off and eluded the pursuing police car in heavy traffic. These events took place during a period of approximately one and one-half hours.

In this factual posture, appellant contends that the kidnapping was "merely a subsidiary incident to the rape and accordingly not a true 'Kidnapping' as contemplated by Article 27, Section 337 of the Annotated Code of Maryland." Although appellant concedes that the facts supporting his conviction are "technically within the purview" of the statute, he argues that "the restraint and asportation involved in this occurrence were merely incidental to and, in actuality, an integral part of the rape,

and factual circumstances as these were not intended by the Legislature, in framing this broad definition of kidnapping, to constitute a separate crime." 

The statute under which appellant was convicted (Md. Code, Art. 27, § 337) provides:

> "Every person, his counsellors, aiders or abettors, who shall be convicted of the crime of kidnapping and forcibly or fraudulently carrying or causing to be carried out of or within this State any person, except in the case of a minor, by a parent thereof, with intent to have such person carried out of or within this State, or with the intent to have such person concealed within the State or without the State, shall be guilty of a felony and shall be sentenced to death or to the penitentiary for not more than thirty years, in the discretion of the court."

Under the common law, kidnapping is defined as the forcible abduction or carrying away of a man, woman or child from their own country into another country. Clark and Marshall, *Law of Crimes,* (6th ed.) 662; 4 Blackstone, *Commentaries* 219. Although asportation of the individual into another country is an essential ingredient of the common law crime of kidnapping, this requirement, as can be seen from the above statute, has been modified in Maryland, as is true in most states, and the crime attaches both to intrastate and interstate asportations. As indicated by the Court of Appeals of Maryland in *Midgett v. State,* 216 Md. 26, 39, this State, by statute, "has adopted the basic common law concept that to constitute kidnapping there must be a *carrying* of the person from the place where he is seized to some other place either out of or within this State. The statute also specifies that there must be an *intent to carry* such person to such other place or, in the alternative, an *intent to conceal* such person in or out of the State."

Whether under a given set of circumstances, acts which fall within the technical statutory definition of kidnap-

ping would not be sufficient to support a conviction of that crime because they were an "integral part" of another crime is a problem which does not confront us in this case for an examination of the record discloses that there was ample evidence before the trial judge from which he could find, beyond a reasonable doubt, that the kidnapping and the rape were separate and distinct crimes and that, contrary to appellant's contention, the kidnapping was not merely "a means to an end."

The victim testified that "before we got off the grounds, he says, 'I'm going to put it to you straight, that I am not going to hurt you, that all I need is a hostage, that I just broke jail,' or 'out of jail in Alabama,' and he says, 'all I want to do is get to the highway or to the beltway', so he started driving then." Although appellant's statement that he was a fugitive was apparently untrue, it does bear on his state of mind, as does the following colloquy with his counsel concerning the actual perpetration of the rape:

"Q. Did you have any intention to do it, to do anything like that?

A. I had no intentions. I had nothing like that whatsoever on my mind. I had nothing.

Q. At what point did this come into your mind, before you picked her up, when you picked her up?

A. I don't know.

Q. When you got out to the little area off the road that you pulled into, at what particular point, do you recall?

A. If any point, if at any point, it probably was after we got out to that spot."

It is apparent, therefore, that there was evidence upon which to base a finding that appellant did not initially kidnap the victim merely as a means of fulfilling a preconceived plan to commit a rape.

We have carefully considered, but, in light of our conclusion that the crimes were separate and distinct, find

inapposite the New York doctrine advanced by appellant and enunciated in *People v. Levy* (1965), 256 N.Y.S.2d, 793, that it is unlikely that "restraints, sometimes accompanied by asportation, which are incidents to other crimes and have long been treated as integral parts of other crimes, were intended by the Legislature in framing its broad definition of kidnapping to constitute a separate crime of kidnapping, even though kidnapping might sometimes be spelled out literally from the statutory works."

Although the issue was not raised in appellant's brief (see Md. Rule 1046 f.), during the course of oral argument it was asserted that the evidence was legally insufficient to sustain the convictions. The record before us demonstrates, however, that there was ample evidence, within the principles announced in *Williams and McClelland v. State,* 5 Md. App. 450, to support the guilty verdicts.

*Judgments affirmed.*