# HENRY JOSEPH GOINS *v.* STATE OF MARYLAND

[No. 33, September Term, 1981.]

*Decided March 22, 1982.*

*Motion for reconsideration filed April 13, 1982; denied April 16, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Gary W. Christopher, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Maureen O'Ferrall, Assistant Attorney General,* with

whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

Maryland Code (1957, 1982 Repl. Vol.), Art. 27, § 591, implemented by Maryland Rule 746, requires that in a circuit court criminal case, a trial date shall be set which shall not be later than 180 days after the appearance or waiver of counsel or after the appearance of the defendant pursuant to Rule 723. The statute further provides that "[t]he date established for the trial of the matter shall not be postponed except for good cause shown by the moving party...."[1] Furthermore, the change in trial date must be made by or approved by the county administrative judge or a judge designated by him.[2]

---

[1] Prior to July 1980, both the statute and the rule required "extraordinary cause" instead of "good cause" for the postponement. The statute was amended effective July 1, 1980, and the rule was amended on July 3, 1980, to substitute "good cause" for "extraordinary cause." Because the events in the present case occurred prior to July 1980, the "extraordinary cause" standard was in effect.

[2] The complete text of Art. 27, § 591, is as follows:

"§ 591. Setting date for trial; postponement.

(a) Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the Circuit Court of the Criminal Court of Baltimore City in which the matter is pending, shall set a date for the trial of the case, which date shall be not later than 180 days from the date of the arraignment of the person accused or the appearance or the appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for good cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending.

(b) The judges of the Court of Appeals of Maryland are authorized to establish additional rules of practice and procedure for the implementation of this section in the Criminal Court of Baltimore City and in the various circuit courts throughout the State of Maryland."

Rule 746 provides as follows:

"Rule 746. Trial Date.

a. General Provision.

Within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to

In *State v. Hicks;* 285 Md. 310, 403 A.2d 356, on motion for reconsideration, 285 Md. 334, 403 A.2d 368 (1979), this Court held that the 180-day [3] time limit for trying a case was mandatory, and that where the case is not tried within such period, and where there is no postponement of the trial date complying with the requirements of § 591 and Rule 746, "dismissal of the criminal charges is the appropriate sanction," 285 Md. at 318. The Court in *Hicks* further held that there was one circumstance where dismissal of the criminal charges would not be the appropriate sanction for a violation of the 180-day time limit for trying a case. That circumstance "is where the defendant, either individually or by his attorney, seeks or expressly consents to a trial date in violation of Rule 746." *Id.* at 335.

In the present case, the defendant's trial commenced more than 180 days from the appearance of his counsel in the circuit court. The question to be decided is whether the criminal charges should have been dismissed under Art. 27, § 591, and Rule 746, as applied in *Hicks v. State, supra.* In light of the issue before us, the relevant facts concern the procedural history of the case rather than the alleged offenses.

On October 2, 1979, a ten-count criminal information was filed in the Circuit Court for Howard County charging the defendant, Henry Joseph Goins, with first degree rape, second degree rape, kidnapping, armed robbery, robbery, unlawful carrying of a handgun, use of a handgun in the commission of a felony, theft, battery and assault.[4] On the same day, the appearance of counsel was entered.

Rule 723, a trial date shall be set which shall be not later than 180 days after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to Rule 723.

    b. Change of Trial Date.

Upon motion of a party made in writing or in open court and for good cause shown, the county administrative judge or a judge designated by him may grant a change of trial date."

**3.** At the time *Hicks* was decided, the time period set forth in Rule 746 was 120 days. It was changed to 180 days in 1979.

**4.** Before the filing of the information in the circuit court, a statement of charges based upon the same alleged acts had been filed against the defen-

Consequently, the 180-day period for trying the case would expire on March 31, 1980.

Two days after the information was filed, on October 4, 1979, Goins, by his attorney, filed a petition for a reverse waiver to the juvenile court, alleging that he was 17 years of age, that he had never previously been convicted of a crime or adjudicated a delinquent, that, therefore, he had never received the benefit of juvenile rehabilitation programs, and that a transfer to the juvenile court would be in his interest and in the interest of society. Thereafter, the circuit court ordered the Juvenile Services Administration to conduct a waiver investigation and file a report with the court. Before the report was filed, the assignment office of the circuit court notified the parties on October 29, 1979, that the case was scheduled for trial on January 21, 1980.

The report from the Juvenile Services Administration was filed on November 23, 1979, and an addendum was filed on November 27, 1979. On November 30, 1979, the circuit court held a hearing on the reverse waiver petition, and at the conclusion of the hearing the court indicated that the petition would be denied. By a written opinion and order dated December 10, 1979, and filed on December 11, 1979, the court denied the petition to transfer jurisdiction to the juvenile court. Also on December 11th, upon the State's motion, the trial date was moved from January 21, 1980, to January 30, 1980.

Just two days after the entry of the written order denying the requested transfer to juvenile court, on December 13, 1979, Goins by his attorney filed a plea interposing the defense of insanity. The circuit court, by written order of the county administrative judge filed on December 21, 1979, directed that the State Department of Health and Mental Hygiene perform a medical examination of Goins with particular reference to his present mental condition and his mental condition at the time of the alleged offense. The

---

dant in the District Court of Maryland, on September 7, 1979. On September 7, 1979, the defendant by his attorney filed pleas of not guilty and of insanity, and filed a motion for a speedy trial.

circuit court's order required that the Department of Health and Mental Hygiene submit a report to the court "before 8 February, 1980, pursuant to the provisions of § 26, Art. 59 of the Annotated Code of Md." [5] Although this order of the administrative judge necessarily postponed the previously scheduled January 30th trial date, the order itself made no express reference to the trial date.

Next, on January 25, 1980, the Clifton T. Perkins Hospital Center of the Department of Health and Mental Hygiene sent a letter to the court requesting a sixty-day extension to examine the defendant and submit a report. The county administrative judge, on January 29, 1980, signed an "amended" order which stated as follows:

"Because of the unusually heavy demands from the Division of Corrections and from county detention centers for the admission of psychiat-

5. During the times pertinent in this case, Code (1957, 1979 Repl. Vol.), Art. 59, § 26, provided in part:

"§ 26. Time for forwarding Department's reports as to insanity; court order for examination to recite time period thereof; confinement pending evaluation; transportation to and from evaluation facility.

(a) Where a defendant interposed a plea in writing pursuant to § 25 of this article, the Department shall forward a report of its opinions relating to insanity at the time of commission of the alleged offense and to competency to stand trial to the court having jurisdiction over the defendant within 60 days after referral.

(b) Where no plea alleging insanity at the time of the commission of the alleged offense has been interposed by the defendant, the Department shall forward its report of opinion as to competency to stand trial within 30 days after referral, if the allegation of incompetency was made by or on behalf of the defendant, or within 30 days after referral, if the allegation of incompetency was made by the court upon its own motion.

(c) In all cases, it shall be the right of the defendant to have the report filed within the time specified herein.

(d) In all cases, the order of court referring the defendant for examination shall recite the applicable time period for examination which may be extended by subsequent order of court for good cause shown.

* * *

The statute was amended by Ch. 840 of the Acts of 1980, although none of the 1980 changes would affect the precise question involved in the present case if such question were to arise in the future.

rically ill patients for treatment at Clifton T. Perkins Hospital Center and the inability of said Clifton T. Perkins Hospital Center to schedule admissions within the time specified in the Order of this Court dated December 21, 1979 regarding the above-captioned matter,

"IT IS, this 29th day of January, 1980, by the Circuit Court for Howard County, ORDERED that the Department of Mental Hygiene comply with the Order aforesaid on or before the 8th day of April, 1980 instead of the date of 8th day of February, 1980.

"IT IS FURTHER ORDERED that all other provisions of the Order dated December 21, 1979 concerning the above-captioned matter, be and they remain in full force and effect."

The amended order, like the earlier order of December 21, 1979, made no express reference to the trial date in the case. Nevertheless, by extending the time beyond March 31, 1980, for the Department of Health and Mental Hygiene to furnish its report on the defendant's mental condition, the amended order necessarily had the effect of postponing the trial date beyond the 180-day limit prescribed by § 591 and Rule 746.

The report on the defendant's mental condition from the Department of Health and Mental Hygiene was received by the court on April 10, 1980, and the trial began four days later, on April 14, 1980. This was two weeks beyond the 180-day period set forth in § 591 and Rule 746.

On April 14, 1980, prior to the commencement of the trial, the defendant Goins filed a motion to dismiss the criminal charges based on an alleged violation of Art. 27, § 591, and Rule 746. At the beginning of the argument on the motion, the defendant's attorney represented that both attorneys had contacted the county administrative judge

"who signed the Order extending the time for the examination, and he has authorized us to state for the purpose of the record, by way of stipulation, that

> if called to testify, he would testify that upon receipt of Clifton Perkins' letter of the twenty-fifth of January requesting an extension of time within which to file their report, that he passed such an Order without calculating or considering the one hundred and eighty day Rule, that it was not his intention to waive the Rule, and the Rule was not taken into consideration. . . ."

Following extensive argument, the motion to dismiss was denied by the court (Nissel, J.). Because Clifton T. Perkins Hospital is part of the Department of Health and Mental Hygiene, a state agency, the trial judge viewed the January 25th letter from the hospital requesting an extension for filing its report as a motion by a party, *i.e.* the State, to postpone the trial date. In addition, the trial judge viewed the county administrative judge's order extending the time until April 8, 1980, for filing the hospital report as an order postponing the trial date. Finally, the trial court held that the administrative judge's order granting the extension was based upon extraordinary cause. Consequently, the trial court denied the motion to dismiss on the ground that Art. 27, § 591 and Rule 746 were fully complied with.

The trial of the case proceeded, and the defendant Goins was found guilty on all counts. He was sentenced to concurrent prison terms of twelve years on the first count (first degree rape), twelve years on the third count (kidnapping), twelve years on the fourth count (armed robbery) and five years the seventh count (use of a handgun in the commission of a felony). There were no sentences imposed upon the remaining counts because of the doctrine of merger.

The defendant appealed, raising only the contention that the charges should have been dismissed under Art. 27, § 591, and Rule 746, as applied in *State v. Hicks, supra.* The Court of Special Appeals affirmed, although for different reasons than the trial court. *Goins v. State,* 48 Md.App. 115, 425 A.2d 1374 (1981). Initially, the Court of Special Appeals stated "that it was his [the defendant's] own dereliction in allowing 72 days to lapse before filing his plea of not guilty

by reason of insanity that was the effective cause for not meeting the projected January 1980 trial date that was well within the 180-day guideline." 48 Md.App. at 116. Quoting from *State v. Hicks, supra,* 285 Md. at 310, the intermediate appellate court went on to say that it would " 'be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation.' " *Ibid.* After setting forth some of the facts of the case, the Court of Special Appeals pointed out that the defendant "does not question the fact that" the postponement of the trial date beyond the 180-day deadline was in the defendant's "best interests" and "does not question the fact that the necessary wait for [the] report constituted 'extraordinary cause' for delaying the trial within the contemplation of Rule 746," *Id.* at 118. After setting forth the defendant's arguments that no party made a motion to extend the trial date, and that the county administrative judge "never knowingly granted the change" (*ibid.*), the Court of Special Appeals went on to apply a "balancing test" to determine which side was responsible for the delay and which side benefited from the delay. *Id.* at 120-121. Deciding that the "delay-producing behavior" of the defendant was the sole cause of the delay, and that the delay was for the "clear benefit of the defendant" (*ibid.*), the intermediate appellate court concluded (*id.* at 121):

> "It may well be in this case that Article 27, Section 591, as implemented by Rule 746, and as interpreted by *State v. Hicks,* has been violated. If that be the case, it is clear that the appellant has been the violator and the State, his innocent victim. It is but to state the obvious to hold that the appellant will not be permitted to profit from his wrongdoing or, in the words of *Hicks,* 'to gain advantage from a violation of the rule when he was a party [in this case the only party] to that violation.' "

The defendant then filed in this Court a petition for a writ of certiorari. Because the circumstances of the case and the

opinion of the Court of Special Appeals raised important questions concerning the future application of § 591 and Rule 746, we granted the defendant's petition.

In this Court, as in the Court of Special Appeals, the defendant Goins does not challenge the trial court's conclusion that the postponement of the trial date until April 14, 1980, was based upon "extraordinary cause." Instead, the defendant argues that the postponement of the trial date beyond the 180-day limit failed to comply with § 591 and Rule 746 because there was no motion by a *party* to extend the trial date. The defendant contends that the January 25, 1980, letter from the Department of Health and Mental Hygiene cannot be treated as such a motion because the "Department" cannot "be deemed a party to this criminal prosecution." [6]

The State's position in this Court is essentially the same as that adopted by the Court of Special Appeals. Furthermore, the State argues that under the facts here, it was the defendant's, and not the State's, obligation to insure that § 591 and Rule 746 were complied with. Therefore, the State contends, the defendant had the obligation to move for a postponement of the trial date, and his failure to do so should not result in a dismissal of the charges.

I

Although we shall affirm the trial court's decision, we do so for entirely different reasons than those advanced by the State and the Court of Special Appeals. Moreover, we flatly reject the approach to § 591 and Rule 746 taken by the State and the Court of Special Appeals.

The Court of Special Appeals proceeded on the assumption that the 180-day requirement of § 591 and Rule 746 had been violated. Nevertheless, the intermediate appellate

---

**6.** As previously indicated, the theory of the trial court was not that the *Department* was a party. Rather, the trial court reasoned that the Department was part of the State, and that the State was a party.

court held that, in light of the defendant's "wrongdoing" and "delay-producing behavior," and because the delay was for his benefit, dismissal of the criminal charges was not a proper sanction for the violation of § 591 and Rule 746.

Even if the Court of Special Appeals' characterization of the defendant's conduct were supported by the record in this case, there is no basis in the language or purpose of § 591 and Rule 746 for the approach taken by that court.[7] Moreover, the Court of Special Appeals' reliance upon *State v. Hicks, supra,* is misplaced.

The passage from the *Hicks* case invoked by the Court of Special Appeals is as follows (285 Md. at 335):

"A . . . circumstance where it is inappropriate to dismiss the criminal charges is where the defen-

---

**7.** Despite the characterization of the defendant's conduct by the Court of Special Appeals, the record in this case shows that the defendant and his attorney proceeded promptly throughout this proceeding, properly invoking applicable statutory procedures in a timely manner. The events giving rise to this prosecution occurred on September 6, 1979, and charges were initially filed against the defendant in the District Court on September 7, 1979. The defendant immediately obtained counsel, and counsel, on September 7, 1979, filed pleas of not guilty and insanity, and demanded a speedy trial. Thus, the State was on notice from the outset of the insanity defense. On the same day charges were filed against the defendant in the circuit court, October 2, 1979, counsel entered his appearance. Just two days thereafter, on October 4, 1979, the defendant filed the petition to transfer proceedings to the juvenile court. Since the defendant was a juvenile, and had no prior record, it cannot be said that the petition was frivolous. Again, within two days after the entry of the order denying the transfer to the juvenile court, the defendant filed the defense of insanity under Code (1957, 1979 Repl. Vol.), Art. 59, § 25. Finally, the trial commenced only four days after the filing of the report of the defendant's sanity.

The Court of Special Appeals and the State chastise the defendant for not filing an insanity plea in the circuit court until the ruling on his petition to transfer the case to the juvenile court. However, until it was determined that he would not be tried in a juvenile proceeding, the defendant did not know whether the defense of insanity would lie. Although the mental condition of a child is relevant to questions of waiver and disposition in a juvenile proceeding (§§ 3-817, 3-818 and 3-820 of the Courts and Judicial Proceedings Article of the Code), nevertheless, a plea of insanity under Art. 59, § 25, cannot be filed in a juvenile proceeding. Under the language of the statute, it can only be filed in a criminal case.

It is obvious that the delay in this case was due entirely to the length of time it necessarily took two executive branch agencies of the state government (the Juvenile Services Administration and the Clifton T. Perkins Hospital Center) to perform their statutory functions. The delay was not attributable to the court, the State's Attorney's office or the defendant.

dant, either individually or by his attorney, seeks or expressly consents to a trial date in violation of Rule 746. It would, in our judgment, be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation. In this respect, the situation is analogous to the well-established principle that a criminal defendant who seeks or expressly consents to a mistrial, even though the required 'manifest necessity' standard for the mistrial may have been absent, cannot take advantage of his own act and prevent a retrial on double jeopardy grounds."

The instant case, even as viewed by the Court of Special Appeals, clearly does not fall within the situation contemplated by the above quotation. Being dilatory in raising an insanity defense obviously is not seeking or *expressly* consenting to a trial date in violation of § 591 and Rule 746. At best, it might arguably constitute an *implied* consent to a postponement of the trial date, depending upon the circumstances. However, in order to avoid such doubts and controversies, *Hicks* carefully limited this exception to the situation where the defendant seeks or *expressly* consents to a trial date in violation of the rule.

The mere fact that a defendant may have been dilatory in filing pre-trial motions or defenses does not render inapplicable the requirements of § 591 and Rule 746. Otherwise, the purposes of § 591 and Rule 746 would be frustrated in a large number of cases. As we stated in *Hicks,* 285 Md. at 316:

"Section 591 is plainly a declaration of legislative policy designed to obtain prompt disposition of criminal charges; its enactment manifested the legislature's recognition of the detrimental effects to our criminal justice system which result from excessive delay in scheduling criminal cases for trial and in postponing scheduled trials for inadequate reasons."

We continued (*id.* at 318):

> "The provisions of Rule 746 are of mandatory application, binding upon the prosecution and defense alike; they are not mere guides or bench marks to be observed, if convenient. Accordingly, ... Rule 746 is mandatory and ... dismissal of the criminal charges is the appropriate sanction where the State fails to bring the case to trial within the ... period prescribed by the rule and where 'extraordinary cause' justifying a trial postponement has not been established."

A holding that the State and the court may overlook the requirements of § 591 and Rule 746 when the defendant is at fault, or may utilize a balancing test in determining whether the postponement requirements of the statute and rule must be followed, cannot be squared with our interpretation of the statute and rule in *Hicks.* Such a holding would limit the effectiveness of § 591 and Rule 746 to those cases where the State was at fault or was responsible for the delay. It would render the statute and rule merely a guide, depending upon an analysis of the circumstances of the delay. However, § 591 and Rule 746 were not intended to be mere codifications of constitutional speedy trial analysis. *Hicks,* 285 Md. at 320. Instead, the statute and rule set forth a definite time requirement for the trial of a criminal case and an explicit procedure for postponing the case beyond the 180-day limit. As we have stated repeatedly, rules of procedure setting forth requirements in mandatory terms " 'are not guides to the practice of law but precise rubrics "established to promote the orderly and efficient administration of justice and . . . are to be read and followed." ' " *State v. Ricketts,* 290 Md. 287, 292, 429 A.2d 1025 (1981), quoting from *Countess v. State,* 286 Md. 444, 463, 408 A.2d 1302 (1979), as well as cases there cited.

For largely the same reasons set forth above, we cannot accept the State's contention that in this case it was the defendant's obligation, and not the State's, to insure that § 591 and Rule 746 were complied with and that, therefore,

the sanction of dismissal is inappropriate even if the statute and rule were violated. Furthermore, the State's position overlooks the principle that "the defendant has no duty to bring himself to trial; the State has that duty," *Hicks,* 285 Md. at 320. While the court pointed out in *Hicks* that "Rule 746 stands on a different legal footing than the Sixth Amendment's constitutional right to a speedy trial," it was also emphasized that "we intend no departure from the established law" concerning the State's "Sixth Amendment obligation" to bring the defendant to a speedy trial. *Ibid.*

II

As previously discussed, the trial court regarded the letter of January 25, 1980, from the Clifton T. Perkins Hospital Center, requesting an extension to file its report under Art. 59, § 26, as a request by the State to postpone the trial date. The trial court also viewed the administrative judge's order extending the time for filing the report until April 8, 1980, as an order postponing the trial date for extraordinary cause. Thus, the trial court held that there was compliance with the requirements of § 591 and Rule 746 for postponing cases. We agree with the trial court's conclusion that there was no violation of § 591 and Rule 746 in this case.

Section 591 requires that the date within the 180-day limit for trying a criminal case "shall not be postponed except for good cause shown by the moving party." Rule 746, worded slightly differently, provides that the postponement may be granted upon "motion of a party." We need not decide whether the trial court was justified in holding that the letter requesting an extension, submitted by the state hospital charged with the statutory duty of reporting on the defendant's mental condition before the trial, amounted to a motion by the State to extend the trial date. In our view, the trial court may, and in this case did, proceed upon its own motion. The mere use of the word "party" in § 591 and Rule 746 does not preclude a motion by the court sua sponte as long as the requisite cause and action by the administrative judge are present.

Except as limited by statute or rule, a trial court has inherent authority to control its own docket. A rule authorizing a litigant to file a procedural motion for this purpose in one respect or another should not be construed to prohibit the court from accomplishing the same object sua sponte unless such construction is compelled by clear language. An illustration of this principle is *Link v. Wabash Railroad Company,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). That case involved Rule 41(b), Fed. R. Civ. P., which provides that "the defendant may move for dismissal of an action" for, *inter alia,* failure of the plaintiff to prosecute the action. In *Link,* the trial court sua sponte dismissed the action because of the plaintiff's failure to prosecute. In the Supreme Court, the plaintiff argued that, because the rule expressly referred only to a motion by the defendant, the rule "by negative implication" prohibited a dismissal by the court sua sponte. 370 U.S. at 630. The Supreme Court rejected this construction of the rule, pointing out that neither its language nor its policy required a construction abrogating the inherent "power of courts, acting on their own initiative, to ... [control] their calendars," *ibid.* The same can be said of § 591 and Rule 746.

The defendant Goins also argues that the county administrative judge's order of January 29, 1980, granting an extension until April 8, 1980, for the filing of the report on the defendant's mental condition, was not an order postponing the trial date. As previously mentioned, however, the order necessarily postponed the trial date beyond April 8, 1980. The trial could not commence until the receipt of the report on the defendant's mental competency to stand trial and his mental condition at the time of the alleged offenses. *See* Art. 59, § 26. The defendant relies upon the administrative judge's statement that he issued the January 29th order without "calculating" the 180-days or considering § 591 and Rule 746. However, nothing in § 591 or Rule 746 requires that the administrative judge specifically be conscious of the statute and rule. As long as the county administrative judge extends or approves of the extension of the trial date, and the order is supported by the necessary

112

cause, the requirements and purposes of § 591 and Rule 746 have been fulfilled. *Cf. State v. Lattisaw,* 48 Md.App. 20, 425 A.2d 1051, *cert. denied,* 290 Md. 717 (1981). *See also Hicks,* 285 Md. at 319.

Art. 27, § 591 and Rule 746 contain their own mechanism for dealing with a case where the defendant, by some dilatory action, has made it virtually impossible to try a criminal case within the 180-day time limit. That mechanism is a motion, supported by good cause, by the State or the court itself for a postponement of the trial date, as long as the motion is granted or approved by the county administrative judge. In the instant case, the mechanism of the statute and rule was followed.

*Judgment affirmed.*
*Petitioner to pay costs.*