472 A.2d 444

**James Barron CAREY**

**v.**

**STATE of Maryland.**

**No. 64, Sept. Term, 1983.**

Court of Appeals of Maryland.

March 15, 1984.

Michael R. Braudes, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Diane G. Goldsmith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

James Barron Carey was charged in the Circuit Court for Montgomery County with committing a sexual offense in the first degree, kidnapping, assault with intent to maim, and related offenses. The appearance of his attorney was filed on November 2, 1981; therefore the 180-day period for trying the case, under Maryland Code (1957, 1982 Repl. Vol.), Art. 27, § 591, and Rule 746, would expire on May 1, 1982, unless extended in accordance with § 591 and Rule 746.

Three days after the appearance of counsel, on November 5, 1981, the Assignment Commissioner set the case for trial on January 26, 1982, and so notified counsel.

On December 8, 1981, Carey filed a plea of not guilty and a plea of insanity under then Art. 59, § 25, of the Maryland Code. Consequently on December 17, 1981, Administrative Judge Cahoon signed and filed an order directing that Carey be admitted to the Clifton T. Perkins Hospital Center for observation, examination and evaluation, that the hospital conduct the type of examination required by then Art. 59, § 23, of the Code, and that the hospital file its report with the court by February 15, 1982.

Despite the order by the administrative judge, the case was called for trial on January 26, 1982, although the defendant was not present, presumably because the medical examination had not yet taken place. According to the docket entry, the trial judge (Frosh, J.) on January 26th "direct[ed] case to be re-set pending mental examination."

The court received the report from the Clifton T. Perkins Hospital Center by mail on February 16, 1982.[1] The report, in addition to containing the hospital staff's diagnosis of Mr. Carey, indicated that the examination had been completed on February 8th and that the hospital was making arrangements to return Mr. Carey to Montgomery County.

Next, on March 5, 1982, the Assignment Commissioner set a new trial date of May 25, 1982. This was twenty-four days beyond the 180-day period prescribed by § 591 and Rule 746.

At the beginning of the trial on May 25th, Carey's attorney made an oral motion to dismiss based on an asserted violation of § 591 and Rule 746, and he briefly argued the merits of the motion. The trial judge, without stating any grounds and apparently without giving the prosecuting at-

---

1. While, under the administrative judge's order, the report was due on Monday, February 15th, it should be noted that February 15, 1982, was a federal holiday (observance of Washington's birthday); thus no mail would have been received by the court on that day.

torney a chance to respond, simply stated that the motion was denied. Thereafter Carey was convicted on the count charging a first degree sexual offense as well as on some of the other counts.

Carey took an appeal to the Court of Special Appeals, arguing *inter alia* that the trial judge erred in denying the motion to dismiss for an alleged violation of § 591 and Rule 746. Relying upon the docket entry, Carey maintained that the postponement of the January 26, 1982, trial date was ordered by Judge Frosh on January 26th and that Judge Frosh was neither the administrative judge nor designated the acting administrative judge. As § 591 and Rule 746 require that postponements of trial dates be granted or approved by the administrative judge or his designee, the statute and rule were violated according to Carey. Alternatively, Carey argued that there was a lack of good cause for the extent of the postponement, from January 26th to May 25th.

The Court of Special Appeals, in affirming the convictions, declined to consider the merits of Carey's contentions under § 591 and Rule 746. Instead the Court of Special Appeals held that Carey's failure to file a *written* motion to dismiss was a violation of Rule 736, and for this reason his motion to dismiss should have been denied. *Carey v. State,* 54 Md. App. 448, 450–451, 458 A.2d 90 (1983). This Court then granted Carey's petition for a writ of certiorari.

■ We cannot agree with the ground upon which the Court of Special Appeals disposed of this case. As we recently held in *State v. Frazier,* 298 Md. 422, 436 n. 11, 470 A.2d 1269 (1984), under the language of Rule 736 the trial court in its discretion may entertain an oral motion to dismiss based on a claimed violation of § 591 and Rule 746. We further held that the trial court's decision to consider such an oral motion on its merits is not reviewable on appeal absent a showing of abuse of discretion. *Ibid.* Under the circumstances of the present case, with no mention having been made of any possible procedural deficiency in Carey's

motion to dismiss, it is reasonable to assume that the trial court entertained the motion on its merits and denied it on the ground that no violation of § 591 and Rule 746 had been shown. The trial court was entitled to consider the motion on its merits, and, in our view, the denial was correct because there had been no violation of § 591 and Rule 746.[2]

As previously indicated, the principal argument by the defendant Carey is that the postponement of the January 26, 1982, trial date was not ordered by the administrative judge or his designee as required by § 591 and Rule 746. The defendant relies upon the docket entry of January 26th, stating that the trial judge directed the "case to be re-set pending mental examination." The fallacy in Carey's argument is the premise that the postponement of the trial date had been effected by an order of the trial judge on January 26, 1982. In reality, the January 26th trial date had already been postponed by the order of the administrative judge on December 17, 1981. Judge Frosh's statement on January 26th, as reflected in the docket entry, merely reiterated to the clerical personnel that a new trial date would have to be

---

**2.** At the oral argument before us in the instant case, the State conceded that the trial judge may, in his discretion, excuse the writing requirement of Rule 736. The point made by the State is that, when there is no written motion previously served on the State, when it may not be clear whether or not there has been a violation of § 591 and Rule 746, and when the ruling on the oral motion comes so quickly that the State has no chance to object, respond or request time for a response, the State may have been deprived of any opportunity to show compliance with § 591 and Rule 746. As illustrated by the *Frazier* case, 298 Md. at 437–444, 470 A.2d 1269, such showing may involve the presentation of evidence, such as testimony by personnel from the court's assignment office.

There is merit in the State's position. If, under circumstances like those in the present case, we had doubts concerning compliance with § 591 and Rule 746, and if there were a possibility that further proceedings might resolve the matter, we would certainly consider a remand under Rule 871 in order to give both parties an opportunity to present to the trial court evidence relating to the § 591 and Rule 746 issue. In the instant case, however, this course is unnecessary because there clearly was no violation of § 591 and Rule 746.

assigned because of Administrative Judge Cahoon's order for a mental examination.

Directly in point is *Goins v. State,* 293 Md. 97, 442 A.2d 550 (1982). *Goins* involved an administrative judge's order, virtually identical to the December 17th order in the case at bar, which directed that the defendant be examined at the Clifton T. Perkins Hospital Center and that the hospital send a report to the court. In *Goins,* as in the instant case, the deadline in the order for the hospital to file its report was beyond the scheduled trial date.[3] Additionally, in *Goins,* as in the case before us, the report from the hospital was received after the scheduled trial date. The *Goins* opinion took the position that the administrative judge's orders relating to the defendant's examination at the Clifton T. Perkins Hospital Center "necessarily postponed the trial date" beyond the date on which the report was due and received, because under the Maryland Code "[t]he trial could not commence until the receipt of the report on the defendant's mental competency to stand trial and his mental condition at the time of the alleged offenses. *See* Art. 59, § 26." 293 Md. at 111, 442 A.2d 550. Consequently we held in *Goins* that the administrative judge's orders concerning the hospital examination and report constituted orders postponing the trial date within the meaning of § 591 and Rule 746. That holding is dispositive of the defendant Carey's principal argument in the present case. The January 26th trial date was, in accordance with § 591 and Rule 746, postponed by the administrative judge's December 17th order.

■ The defendant Carey's alternate argument, that there was insufficient cause for the extent of the delay, must be rejected under the principles recently set forth in *State v. Frazier, supra.* The report from the hospital was not received until February 16, 1982, and the Assignment Commissioner on March 5, 1982, set a new trial date for May 25,

---

**3.** The administrative judge in *Goins* also issued a second order, further extending the deadline for filing the hospital report.

1982. The defendant introduced nothing which would have permitted the trial court to conclude that this was a clear abuse of discretion by the assignment personnel acting under the supervision of the administrative judge. The time period was not so inordinately long as to create a prima facie case of undue delay. *Frazier,* 298 Md. at 462, 470 A.2d 1269. Like the cases decided in *Frazier,* there is nothing in this record indicating that the first available new trial date was not selected.

JUDGMENT AFFIRMED.

PETITIONER TO PAY COSTS.

DAVIDSON, Judge, dissenting:

I would reverse the judgment of the Court of Special Appeals for the reasons set forth in my dissenting opinion in *State v. Frazier,* 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984).