472 A.2d 447

Jerry Lee PENNINGTON

v.

STATE of Maryland.

No. 25, Sept. Term, 1983.

Court of Appeals of Maryland.

March 15, 1984.

David P. Sutton, Assigned Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

Jerry Lee Pennington was convicted in the Circuit Court for Harford County of attempted breaking with intent to steal $300 or more, malicious destruction of property, and being a rogue and vagabond. The Court of Special Appeals reversed the attempted breaking conviction and remanded for a new trial consistent with its opinion; the intermediate appellate court upheld the other two convictions. *Pennington v. State,* 53 Md.App. 538, 454 A.2d 879 (1983). This Court then granted Pennington's petition for a writ of certiorari, presenting the question of whether the trial court erred in denying Pennington's motion to dismiss based on an alleged violation of Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746.

Pennington's counsel entered his appearance in the circuit court on December 9, 1980. Consequently the 180-day period for trying the case, under § 591 and Rule 746, expired on June 7, 1981. The first assigned trial date was January 21, 1981, but this was postponed upon the State's motion. A new trial date of March 11, 1981, was assigned.

On February 6, 1981, the defendant's attorney filed a motion to postpone the March 11th trial date on the ground that the attorney was scheduled to try another Hartford County criminal case on the same day. The administrative judge granted this motion for a postponement on February 19, 1981. The third assigned trial date was August 6, 1981, which was 240 days from arraignment and 60 days beyond the 180-day deadline set forth in § 591 and Rule 746.

At the commencement of trial on August 6, 1981, the defendant's attorney orally moved to dismiss the case on the ground that the trial was being held beyond the 180-day deadline prescribed by § 591 and Rule 746. The specific

ground of the motion was the alleged lack of good cause for the length of the delay after the postponement order of February 19, 1981. The defendant's attorney argued that generally in Harford County

"trials are scheduled within thirty days, and this one sat and sat and sat and sat until today and I don't think there's any good reason for it."

After the State responded by arguing that § 591 and Rule 746 had not been violated, the trial court held that there had been sufficient reason for the delay because of the heavy caseload in Harford county and the "physical impossibility to try all of the cases in 180 days." The trial judge denied the motion to dismiss on the ground that there was no violation of § 591 and Rule 746.

The Court of Special Appeals upheld the denial of the motion to dismiss for different reasons than those relied on by the trial judge. The appellate court seemed to proceed upon the basis that § 591 and Rule 746 may have been violated but ruled that, on alternate grounds, dismissal was an inappropriate sanction. First the Court of Special Appeals held that the defendant's failure to file a written motion to dismiss violated Rule 736 and precluded him from relying upon any violation of § 591 and Rule 746 as a ground for dismissal. *Pennington v. State, supra,* 53 Md. App. at 540–542, 545, 454 A.2d 879. Second the Court of Special Appeals held that, because the defendant sought and was granted the latest postponement, he "has some responsibility to show something other than a violation of the rule," *id.* at 543–544, 454 A.2d 879. The court stated that, when a defendant has sought the latest trial postponement, he must file "a motion to compel compliance with the 180 day rule" or take "*some* affirmative action . . . if he insists on strict conformity with the rule," *id.* at 544, 454 A.2d 879. Otherwise, according to the appellate court, the defendant has "failed to carry his burden to show that the postponement he sought was not a consent to the Rule's violation," *id.* at 545, 454 A.2d 879.

We cannot subscribe to either ground relied on by the Court of Special Appeals to uphold the denial of the motion to dismiss.

As we recently held in *State v. Frazier*, 298 Md. 422, 436 n. 11, 470 A.2d 1269, 1270 n. 11 (1984), and reiterated today in *Carey v. State*, 299 Md. 17, 20, 472 A.2d 444 (1984), the language of Rule 736 permits a trial court, in its discretion, to entertain an oral motion to dismiss based on a claimed violation of § 591 and Rule 746. Moreover, the trial court's decision to entertain such an oral motion should not be overturned on appeal absent a showing of a clear abuse of discretion. *Frazier*, 298 Md. at 436 n. 11, 470 A.2d 1269, 1270 n. 11; *Carey*, 299 Md. at 20, 472 A.2d 444.

Turning to the alternate basis for the Court of Special Appeals' decision, the controlling principle was initially set forth in this Court's opinion in *State v. Hicks*, 285 Md. 310, 403 A.2d 356, on motion for reconsideration, 285 Md. 334, 403 A.2d 368 (1979). We there stated (285 Md. at 335, 403 A.2d 368, emphasis added):

"A . . . circumstance where it is inappropriate to dismiss the criminal charges [for a violation of § 591 and Rule 746] is where the defendant, either individually *or by his attorney, seeks or expressly consents* to a trial date in violation of Rule 746."

On the other hand, we have held that a defendant's mere silence when a case is postponed to a date beyond 180 days, or his dilatory conduct contributing to a delay, does not ordinarily constitute express consent to a trial date in violation of § 591 and Rule 746. *State v. Frazier, supra,* 298 Md. at 447 n. 17, 470 A.2d 1269, 1282 n. 17; *Goins v. State*, 293 Md. 97, 108, 442 A.2d 550 (1982).

In the case at bar, there is nothing in the record before us indicating that the defendant or his attorney expressly consented to the August 6, 1982, trial date. We would agree that when a defendant or his attorney, in the latter portion of the 180-day period, seeks the postponement of a previously assigned trial date, and the newly assigned

trial date is beyond 180 days, it could reasonably be concluded that such defendant has sought a trial date in violation of the rule. On the other hand, when a defendant's attorney on February 6th seeks a postponement of a March 11th trial date because of a scheduling conflict on that day, it is not reasonable to infer that he is seeking a trial date beyond June 7th absent any evidence in the record supporting such inference. When the defendant's motion for a postponement was made in this case, there remained 121 days before the deadline set forth in § 591 and Rule 746. Nothing in the record before us suggests that the defendant's attorney knew, or should have known, that the next available trial date might be beyond the 180-day deadline.[1]

The defendant has at no time attempted to challenge the postponement order of February 19, 1981; moreover he could not challenge that order because he sought it. Instead, the defendant's argument in the trial court, in the Court of Special Appeals, and in this Court, has been that there was not good cause for the length of the delay from the postponement of the March 11th trial date, which was ordered on February 19th, to the new trial date of August 6th. The defendant has contended that the justification for the postponement offered by the trial court, namely congested dockets in Harford County, is not shown by the record and, in addition, does not furnish good cause for the delay.

Recently in *State v. Frazier, supra,* we held that the unavailability of a court because of a heavy case load does not, as a matter of law, constitute insufficient cause for a postponement under § 591 and Rule 746. We further held in *Frazier* that when the administrative judge or his designee orders a postponement, and the next assigned trial date is beyond 180 days because of congested dockets, "there is a violation of § 591 and Rule 746 only if it is demonstrated that the change of trial date, or the period of time until a

---

1. On the other hand, as we shall order this case remanded to the trial court pursuant to Rule 871, we do not preclude further exploration of this issue upon remand.

new trial date, represented a clear abuse of discretion." 298 Md. at 462, 470 A.2d at 1290. Furthermore the burden is on the party challenging the postponement to show a clear abuse of discretion. *Id.* at 452, 470 A.2d 1269. As to the length of delay, however, we acknowledged in *Frazier* that "[t]here may arise cases in which the inordinate length of time until the new trial date will itself be prima facie evidence of undue delay, shifting the burden to the State to show justification." *Id.* at 462, 470 A.2d at 1269.

■ In the instant case, the amount of time from the postponement order of February 19th to the new trial date of August 6th was 168 days. In our view this was sufficiently long to place the burden upon the State to offer some evidence, both in terms of what happened in the instant case as well as the nature of the criminal case scheduling system in Harford County. *See Frazier,* 298 Md. at 462, 470 A.2d 1269.

■ Nevertheless, the principles just set forth by us in *Frazier* may not have been anticipated when the motion to dismiss in this case was made. Moreover, while the trial judge in his discretion was entitled to entertain the oral motion to dismiss made at the beginning of trial, the lack of advance notice to the State may well have deprived the State of an opportunity to introduce evidence showing compliance with § 591 and Rule 746. *See Carey v. State, supra,* 299 Md. at 21 n. 2, 472 A.2d 444. Under such circumstances, as indicated in *Carey,* we believe that the appropriate procedure is to remand the case, without affirmance or reversal, under Rule 871. *Cf., Wiener v. State,* 290 Md. 425, 437–438, 430 A.2d 588 (1981).

Upon remand, the State should, as indicated above, present evidence relating to the criminal case assignment system in Harford County and the assignment of the August 6, 1982, trial date in this case. Both sides may also introduce other evidence relevant to the § 591 and Rule 746 issue. After receiving such evidence, the trial court should determine whether the extent of the delay until the August 6th

trial date represented a clear abuse of discretion, as well as any other issues presented by the evidence and pertinent to the motion to dismiss for an alleged violation of § 591 and Rule 746. If the trial court concludes that there was a violation of § 591 and Rule 746 requiring the sanction of dismissal, in light of our opinions in *State v. Frazier, supra, Goins v. State, supra,* and *State v. Hicks, supra,* the court should grant the motion and dismiss the charges against Pennington. If the trial court concludes that dismissal is not required, it should proceed as if the mandate of the Court of Special Appeals remained in effect.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE, WITHOUT AFFIRMANCE OR REVERSAL, TO THE CIRCUIT COURT FOR HARFORD COUNTY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. EACH PARTY TO PAY ITS OWN COSTS.

DAVIDSON, Judge, dissenting:

For the reasons set forth in my dissenting opinion in *State v. Frazier,* 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984), I would direct that the circuit court's judgment be reversed and that the charges be dismissed.

RODOWSKY, Judge, dissenting:

I respectfully dissent. The only reason for a remand is to determine if "there was a violation of § 591 and Rule 746 requiring the sanction of dismissal...." Because I do not believe dismissal should be the sanction, as explained in my dissenting opinion in *Calhoun v. State,* 299 Md. 1, 472 A.2d 436 (1984), there is no purpose in remanding. Any inquiry into the reasons for delay is an administrative matter. The relevant relationship is that between the Chief Judge of this Court, as administrative head of the Maryland Court system, and the administrative and other judges of the court where the delay occurred. The delay has nothing to do with the guilt or innocence of the accused or with any

constitutional right of the accused, so that inquiry into the reason for delay need not be made on the record in the criminal case.