Dear Judge Nolan:
You have requested our opinion about waiver of publication in name change proceedings. Specifically, you ask whether the court may waive publication on request of an adult seeking a personal name change, on request of one or both parents seeking a change of name of a minor child, or on the court's own initiative.
Our opinion is that the court may waive publication on motion of any petitioner, whether an adult seeking a personal name change or a parent seeking to have the name of a minor child changed; the court may not waive publication on its own initiative. Waiver of publication even on motion should be viewed cautiously, however, in light of the disfavored status of waivers in this type of case.
 I Authority for Waiver on Motion of Petitioner
As part of the ongoing rules revision and reorganization project, the Court of Appeals, by Order dated June 5, 1996, adopted new rules to replace, among others, the former Chapter 1100 Rules governing special proceedings. By that Order, Rule 15-901 replaced the former Subtitle BH Rules in Chapter 1100 governing name changes.
With respect to publication of notice of the filing of a petition for name change, Rule 15-901(e)(2) provides that "[u]nless the court on motion of the petitioner orders otherwise," the notice shall be published in a newspaper once. This provision replaced the provisions in former Rule BH72a and c, which required an order of publication to be issued by the clerk and published three times, once a week in each of three successive weeks, "unless the court, on motion by the petitioner, orders that notice by publication need not be given." Former Rule BH72a further provided that if publication were waived, the notice was to be posted pursuant to Rule 2-122 and mailed to every person entitled to notice whose identity and address or whereabouts was known.
The phrase "[u]nless the court on motion of the petitioner orders otherwise" in Rule 15-901(e)(2) clearly is intended to replace the similar provision in former Rule BH72a and to allow a waiver of publication on motion of the petitioner. Nothing in the language of Rule 15-901 or its history, including the former rule from which it was derived, suggests that the word "petitioner" in this phrase applies only to an adult petitioning to change his or her name and not to a parent petitioning for the change of a minor child's name.
In the case of a minor child's name change, Rule 15-901(d) requires notice by in personam service under Rule 2-121 on any parent, guardian, or custodian of the child who is not a petitioner; this requirement may not be waived. Under section (d), the court has discretion to order service by publication and mailing for any parent, guardian, or custodian for whom good faith efforts to serve under Rule 2-121(a) are unsuccessful and alternative service under Rule 2-121(b) is inapplicable or impractical. Notice by publication under section (e) is required for all other persons who may be interested in the petition to change the child's name. It is this required notice by publication that the court may waive on motion of the petitioner in a case involving the name change of a minor child.
Thus, the court may waive publication on motion of any person who has filed a petition for change of name of the petitioner or of a minor child. However, for the reasons explained in Part III below, waivers of publication are disfavored.
 II Lack of Authority for Waiver on Court's Own Initiative
Some rules expressly provide when an action may be taken by the court either on motion of a party or on the court's own initiative. For example, Rule 2-508 provides that "[o]n motion of any party or on its own initiative, the court may continue a trial or other proceeding as justice may require." Other rules contain only the phrase "on motion of any party" and are silent about the court's authority to act on its own initiative. See, e.g., Rules 2-327(c) (governing transfers for convenience) and 2-534 (governing alteration or amendment of judgment). In those cases, the question of the court's authority to act sua sponte becomes a matter of interpretation.
In Simmons v. Urquhart, 101 Md. App. 85, 643 A.2d 487 (1994),rev'd on other grounds, 339 Md. 1 (1995), the Court of Special Appeals concluded that the circuit court has inherent authority to transfer an action pursuant to Rule 2-327(c). In so deciding, the Court examined the history of the rule's most recent revision. In the case of Rule 2-327, while the Court of Appeals' Standing Committee of Rules of Practice and Procedure had discussed the issue of the court's inherent authority to transfer an action, it had not finally resolved the issue. 101 Md. App. at 100-101. The Court then examined the language and interpretation of the federal statute from which Rule 2-327 was derived and the Maryland cases interpreting other rules that are silent about the court's authority to do on its own initiative that which it may do on motion of a party. 101 Md. App. at 102-103. In Simmons, and in other cases cited in it, a significant basis supporting the trial court's authority to act sua sponte is the independent authority of the court to control its docket and to consider and promote judicial economy. See Goins v. State, 293 Md. 97, 442 A.2d 550
(1982) (court may postpone trial in a criminal case on its own initiative); Gluckstern v. Sutton, 319 Md. 634, 574 A.2d 898,cert. denied, 498 U.S. 950 (1990) (court, sua sponte, may alter or amend its own judgment pursuant to Rule 2-534).
As noted by the Court in Simmons, however, not all rules that are silent regarding the court's authority to act on its own initiative are subject to the interpretation that the court may act without a motion of a party. For example, in Hartford Ins.Co. v. Manor Inn of Bethesda, Inc., 335 Md. 135, 146-47,642 A.2d 219 (1994), the Court of Appeals held that the trial court may not grant summary judgment on its own initiative. In so deciding, the Court relied on an explanatory note authored by the Rules Committee establishing that the Committee did not intend for trial courts to raise motions for summary judgment on their own initiative.
Applying the analysis used in these cases, we conclude that Rule 15-901 does not permit the court to waive publication on its own initiative without a motion from the petitioner. During deliberations on the reorganization and revision of this rule, the Rules Committee did not discuss the matter of the court's waiving publication on its own initiative. See Minutes of Rules Committee meeting of November 17, 1989, at 42-49; meeting of April 12-13, 1991, at 33-48; and meeting of June 17, 1994, at 40-49. During these discussions, however, committee members observed that a waiver may be requested because the petitioner is unable to afford the cost of publication. See Minutes of Rules Committee meeting of April 12-13, 1991, at 39. The information relevant to a waiver based on the petitioner's inability to pay necessarily must be provided by the petitioner. See Rule 1-325(a) (requiring an affidavit verifying the facts and stating the grounds for entitlement to a waiver sought by a person asserting inability to pay a cost ordinarily required to be prepaid). Thus, a waiver of publication based on a petitioner's inability to pay is not one that the court would be in a position to raise on its own initiative.
In addition, in Hardy v. Hardy, 269 Md. 412, 415-16,306 A.2d 244 (1973), the Court of Appeals opined that assertions that the person whose name is sought to be changed has no assets or liabilities and has never used his or her name for any instrument "might form an appropriate basis for waiver of publication in a name change case involving an adult." As with a waiver based on the petitioner's inability to pay, the information based on these grounds necessarily must be provided by the petitioner; the court would not be in a position to waive publication sua sponte on this basis.
Finally, neither the court's control of its docket nor promotion of judicial economy would appear to be assisted by suasponte waiver of publication in a name change case. Because waiver of publication is disfavored, as we explain in Part III below, court-ordered waiver without any request to do so heightens the risk of reversible error. In Hardy, for example, the decree granting the name change without publication of notice was vacated, and the case was remanded for further proceedings. Thus, a waiver of publication risks a detrimental effect on judicial economy and the trial court's control of its docket.
 III Disfavored Status of Waiver of Publication
In propounding the reorganized draft rule for consideration by the Court of Appeals, the Rules Committee dropped the requirement under former Rule BH72a for posting and mailing if publication is waived. The Committee also reduced the number of times publication was required, from three to one, with the understanding that these changes would result in reduced cost to the petitioner and, hence, less frequent waivers. See Minutes of Rules Committee meeting of April 12-13, 1991, at 33-48; meeting of June 17, 1994, at 40-49. The rules changes were designed to "favor publication over waiver of publication." See Minutes of Rules Committee meeting of June 17, 1994, at 47.
In Hardy v. Hardy, the Court noted that "[t]he purpose of requiring publication is to apprise as many people as possible of the pendency of the petition so anyone who reasonably wishes to offer relevant information to aid the court in performing its functions can do so." 269 Md. at 415. Under Rule 15-901, the only persons entitled to personal service of notice of the filing of a petition for name change are the non-petitioning parent, guardian, or custodian of a minor child whose name is sought to be changed. All other interested persons who may wish to object to the petition, pursuant to Rule 15-901(f), must rely on publication for notice of the petition.
In view of the express provisions of Rule 15-901, the history of the Rule's revision, including the reduction of the burdens associated with publication, and the purpose of publication as identified by the Court of Appeals, it appears clear that waiver of publication is disfavored.
 IV Conclusion
In summary, it is our opinion that the court may waive publication under Rule 15-901(e)(2) on motion of the petitioner, but not on its own initiative. In light of the disfavored status of waivers of publication, motions for waiver should be viewed by the court cautiously.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Julia M. Freit Assistant Attorney General
_________________ Jack Schwartz Chief Counsel Opinions and Advice
 *Page 50