472 A.2d 472

Glenn William GREEN

v.

STATE of Maryland.

No. 15, Sept. Term, 1984.

Court of Appeals of Maryland.

March 15, 1984.

Gary W. Christopher, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the petition), for appellant.

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the answer to petition), for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

In an indictment filed in the Criminal Court of Baltimore (now the Circuit Court for Baltimore City), the petitioner was charged with murder. The appearance of his counsel was entered on August 3, 1981; therefore the 180-day period for bringing the case to trial, prescribed by Maryland Code (1957, 1982 Rep.Vol.), Art. 27, § 591, and Rule 746, expired on January 30, 1982. Following an earlier postponement, the trial was scheduled for January 18, 1982.

On January 18, 1982, the designated administrative judge found good cause to postpone the case and granted a postponement. The underlying reasons for the postponement, as set forth in the Court of Special Appeals' opinion in this case (*State v. Green*, 54 Md.App. 260, 262, 458 A.2d 487 (1983)), were as follows:

"On January 10, 1982, just over a week before the scheduled trial, a law clerk from the Public Defender's Office contacted the Assistant State's Attorney assigned to the case. She informed him that the appellee would consider accepting a guilty plea in the instant case upon the following two conditions: (1) he did not want to testify against anyone; and (2) he did not want to have to admit to the murder. The Assistant State's Attorney acquiesced and indicated that he would proceed on the guilty plea. He then contacted the witnesses summoned for the January 18, 1982 trial and informed them that there was no necessity for their appearance at trial.

"On January 18, 1982, in open court, appellee stated that he did not want to plead guilty; that he wanted a jury trial and 'wanted it today.' The designated administrative judge found good cause to postpone the case."

Trial was ultimately rescheduled for May 24, 1982. On that day, however, the trial judge, finding a violation of § 591 and Rule 746, granted the defendant's motion to dismiss. The trial judge held that the designated administrative judge had erred in deciding that there was good cause for the postponement on January 18, 1982.

The Court of Special Appeals reversed, holding that the trial judge was not authorized to make a de novo determination of good cause for a postponement, that the designated administrative judge's determination of good cause should not be overturned by the trial judge unless the designated administrative judge had clearly abused his discretion, and that in this case there had been no clear abuse of discretion. The rulings set forth by Judge Alpert for the Court of Special Appeals, in 54 Md.App. at 264–267, 458 A.2d 487, are in accord with this Court's later opinion in *State v. Frazier,* 298 Md. 422, 470 A.2d 1269 (1984). Thus we shall affirm.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.

DAVIDSON, J., concurs in the result.