726 A.2d 231

STATE of Maryland

v.

James Quinn FISHER.

No. 10, Sept. Term, 1999.

Court of Appeals of Maryland.

March 18, 1999.

J. Joseph Curran, Jr., Atty. General and Devy Patterson Russell, Asst. Atty. General, Baltimore, for petitioner.

Stephen E. Harris, Public Defender and Martha Weisheit, Asst. Public Defender, Baltimore, for respondent.

Submitted to BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

ELDRIDGE, Judge.

We granted the State's petition for a writ of certiorari in this criminal case to review the holding by the Court of Special Appeals that the postponement of the defendant Fisher's trial, beyond the 180–day time period prescribed by Maryland Code (1957, 1996 Repl.Vol.), Art. 27, § 591, and

Maryland Rule 4–271, was in violation of § 591 and Rule 4–271.[1]

James Quinn Fisher was charged, by an information filed in the Circuit Court for Washington County, with distribution of crack cocaine, possession of crack cocaine with intent to distribute, and possession of crack cocaine. Fisher's attorney entered his appearance on July 10, 1997. Therefore, the 180–

---

1. Art. 27, § 591, provides as follows:
   " **§ 591. Trial date.**
   (a) *Setting the date.*—The date for trial of a criminal matter in a circuit court:
   (1) Shall be set within 30 days after the earlier of:
   (i) The first appearance of counsel; or
   (ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and
   (2) May not be later than 180 days after the earlier of those events.
   (b) *Changing the date.*—On a motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.
   (c) *Court rules.*—The Court of Appeals may adopt additional rules of practice and procedure for the implementation of this section in circuit courts."
   Rule 4–271 states as follows:
   "**Rule 4–271. Trial date.**
   (a) *Trial date in circuit court.* (1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. When a case has been transferred from the District Court because of a demand for jury trial, and an appearance of counsel entered in the District Court was automatically entered in the circuit court pursuant to Rule 4–214(a), the date of the appearance of counsel for purposes of this Rule is the date the case was docketed in the circuit court. On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.
   (2) Upon a finding by the Chief Judge of the Court of Appeals that the number of demands for jury trial filed in the District Court for a county is having a critical impact on the efficient operation of the circuit court for that county, the Chief Judge, by Administrative Order, may exempt from this section cases transferred to that circuit court from the District Court because of a demand for jury trial.
   (b) *Change of trial date in District Court.* The date for trial in the District Court may be changed on motion of a party, or on the court's initiative, and for good cause shown."

day period under § 591 and Rule 4–271 for trying the case would expire on January 6, 1998. Fisher's attorney also filed on July 10, 1997, a request for a jury trial. The case was set for trial on December 2, 1997, before the Honorable Frederick C. Wright III. Judge Wright is the circuit administrative judge of the Fourth Judicial Circuit and the county administrative judge for Washington County. Fisher's trial was scheduled after a jury trial in another case before Judge Wright on December 2nd. Apparently the attorney for Fisher believed that Fisher would waive his right to a jury trial, would plead guilty and that, therefore, the trial would not take very long.

The jury trial preceding Fisher's scheduled trial did not conclude until about 2:00 p.m. on December 2nd, and Fisher's case was called for trial at that time. The prosecuting attorney stated that it now appeared that Fisher wanted a jury trial, and the prosecutor began to ask for a postponement when Judge Wright interrupted and asked Fisher's attorney about the matter. Fisher's attorney indicated that he had "certainly [been] recommending" a plea of guilty, that he had been talking to Fisher, and that "I've run out of energy to talk to him further" at that time. The defense attorney went on to indicate that Fisher wanted to plead not guilty and wanted a jury trial, although "[t]here's always a chance in the future this will work out." The docket entries show that Judge Wright granted a motion by the prosecuting attorney to postpone the case so that it could be tried before a jury.

The case was re-scheduled for trial on February 17, 1998, which was 42 days beyond the expiration of the 180–day period prescribed by Art. 27, § 591, and Rule 4–271.

When the case was called for trial before Judge Wright on February 17th, Fisher's attorney moved to dismiss the charges because Fisher was not tried within the 180–day period set forth in § 591 and Rule 4–271. The prosecuting attorney responded as follows:

"My notes indicate good cause was found by your Honor to continue that matter. It was a normal N.T.F. docket with

twenty-some case[s] on it. We tried one until three o'clock in the afternoon. Just could not get to more than one. "My notes indicate good cause ... your Honor found good cause. Obviously that's the reason why it was set when it was set."

Judge Wright then denied the motion to dismiss, pointing out that he was the administrative judge and thus authorized to grant postponements in criminal cases, that he had granted the prosecution's motion to postpone the case, and that he had "found good cause to continue the case."

After the denial of the motion to dismiss, Fisher waived his right to a jury trial, pled not guilty, and consented to be tried on an agreed statement of facts. At the conclusion of the trial, Fisher was found guilty on all charges and was sentenced to imprisonment for nine years.

Fisher appealed, raising the following two issues as set forth by the Court of Special Appeals:

"I.    Did the trial judge err by failing to dismiss the charges based on a violation of the 180–day rule either because good cause for the postponement was never found or because there was a two-month delay between the motion to continue and the actual trial date?

II.    Did the trial judge err by failing to determine whether appellant's waiver of his constitutional right of confrontation was knowing and voluntary before proceeding by means of a plea of not guilty upon an agreed statement of facts?"

The Court of Special Appeals, in an unreported opinion, reversed and directed that the case be dismissed because Fisher was not tried within 180 days and the case was not postponed beyond the 180–day time period in accordance with § 591 and Rule 4–271. The Court of Special Appeals initially stated as follows:

"The lower court made no express finding of good cause at the December 2, 1997 proceeding; however, the court apparently postponed appellant's trial because of an overcrowded docket in which the case could not be called until

approximately two o'clock, when it was too late to obtain a new jury array. Additionally, appellant's brief states that, prior to the hearing, 'it appeared that a guilty plea had been discussed but that [a]ppellant wanted a jury trial.' "

The intermediate appellate court, after reviewing the December 2, 1997, proceedings, reiterated that "[t]he testimony reflects that the trial judge never found or discussed good cause for postponement." After discussing the requirements of § 591 and Rule 4–271, namely that postponements of circuit court criminal cases must be done by the administrative judge or his designee and must be supported by good cause, the Court of Special Appeals concluded as follows:

"While the determination of good cause is a discretionary matter rarely subject to reversal upon review, when an administrative judge fails to find good cause on the record, there is no determination for us to review. The court below had broad discretion to find that the late time of day and its overcrowded docket constituted good cause for postponement. Unfortunately, even if there was good cause for the postponement, the trial judge failed to articulate what it was. The judge should have made a finding of good cause on the record, and this error was an abuse of discretion that prejudiced appellant because his case was postponed improperly beyond the 180–day limit. Consequently, . . . dismissal is the appropriate remedy. Having concluded that the lower court's failure to find good cause for postponement was an abuse of discretion, it is unnecessary for us to review whether the length of delay was inordinate."

In light of its holding, the Court of Special Appeals also found it unnecessary to reach the second issue presented by Fisher concerning waiver of the right of confrontation by proceeding upon an agreed statement of facts.

The State filed in this Court a petition for a writ of certiorari, contending that there was no violation of § 591 and Rule 4–271. Fisher filed an opposition to the State's petition, arguing that the Court of Special Appeals correctly held that the statute and rule had been violated. Fisher also filed a

conditional cross-petition for a writ of certiorari, taking the position that, if we decide to grant the State's petition, we should also review Fisher's second argument before the Court of Special Appeals relating to waiver of his confrontation right by proceeding upon an agreed statement of facts.

We have granted the State's petition, have denied Fisher's cross-petition, and shall summarily reverse the judgment of the Court of Special Appeals. This Court's prior decisions clearly establish that there was no violation of § 591 and Rule 4–271 in this case. We shall remand the case to the Court of Special Appeals for that court to decide the second issue presented by Fisher concerning waiver of the right of confrontation and proceeding on an agreed statement of facts.

The Court of Special Appeals in this case seemed to hold that the administrative judge, in granting a postponement of a criminal trial beyond the 180–day period, must expressly find good cause for the postponement and "articulate what it was." The administrative judge's failure to do this, according to the Court of Special Appeals, constituted "an abuse of discretion" and an "improper[ ]" postponement "beyond the 180–day limit," thereby requiring a dismissal of the charges. This holding is contrary to several of this Court's opinions.

Our decision in *Goins v. State,* 293 Md. 97, 442 A.2d 550 (1982), is dispositive with regard to this issue. The defendant Goins had been charged with first degree rape as well as several other offenses, and the 180–day period for trying the case under Art. 27, § 591, and former Rule 746, the predecessor to Rule 4–271, expired on March 31, 1980. After some earlier postponements by the county administrative judge, a trial date of January 30, 1980, was set. On December 13, 1979, the attorney for Goins filed a plea of not criminally responsible by reason of insanity. On December 21, 1979, the county administrative judge signed an order directing that the State Department of Health and Mental Hygiene examine Goins with particular reference to his mental condition at that time and at the time of the alleged offenses. The December 21, 1979, order further directed that the Department submit a

report to the court on or before February 8, 1980. This latter portion of the order had the likely effect of postponing the January 30, 1980, scheduled trial date, although nothing was said by the administrative judge about the trial date, about a postponement, or about the requisite "good cause" for a postponement. On January 25, 1980, the Department requested a 60-day extension for completing its examination of Goins and submitting its report. On January 29, 1980, the county administrative judge, referring to the heavy demand upon the Department for mental examinations, signed an order providing that the Department should submit a report on or before April 8, 1980. Again, this order made no mention of the scheduled trial date or a postponement of the trial, and there was no express reference to "good cause" for a postponement. Nevertheless, the January 29th order had the likely effect of postponing Goins's trial beyond the 180-day period which expired on March 31, 1980. The Department's report was received by the court on April 10, 1980, and the case was called for trial on April 14, 1980.

Before the commencement of Goins's trial on April 14, 1980, the defense attorney moved to dismiss the charges, pointing out that the case was not tried within 180 days, and arguing that there was no postponement of the trial date beyond 180 days in accordance with § 591 and Rule 746. Both the defense attorney and the prosecuting attorney proffered to the trial judge that they had contacted the county administrative judge who stated that if he were called to testify, he would testify that, in granting the postponements to the Department for submitting its report, he did so " 'without calculating or considering the one hundred and eighty day Rule, that it was not his intention to waive the Rule, and the Rule was not taken into consideration. . . .' " *Goins v. State, supra,* 293 Md. at 103–104, 442 A.2d at 553. The trial judge denied the motion to dismiss, holding that there was no violation of Art. 27, § 591, and the implementing rule. The trial judge viewed the county administrative judge's order of January 29, 1980, as an order postponing the trial date beyond the 180-day period,

and the judge further held that the order was supported by the requisite cause.

Goins was tried and convicted. Upon his appeal to the Court of Special Appeals, the intermediate appellate court took the position, *inter alia,* that "[i]t may well be in this case that Article 27, Section 591, as implemented by Rule 746, and as interpreted by *State v. Hicks,* [285 Md. 310, 403 A.2d 356, on motion for reconsideration, 285 Md. 334, 403 A.2d 368 (1979),] has been violated." *Goins v. State,* 48 Md.App. 115, 121, 425 A.2d 1374, 1378 (1981). After the issuance of a writ of certiorari, this Court disagreed with the Court of Special Appeals and "agree[d] with the trial court's conclusion that there was no violation of § 591 and Rule 746 in this case." *Goins v. State, supra,* 293 Md. at 110, 442 A.2d at 557.

Initially, we held in *Goins* that § 591 and the implementing rule authorized the county administrative judge, or that judge's designee for purposes of circuit court criminal trial postponements, to postpone a criminal trial date *sua sponte,* and that a motion by a party was not required. We further held that an order by the administrative judge or designee which had the effect of postponing the criminal trial, and which was in fact supported by good cause, was sufficient for purposes of the statute and rule, regardless of whether the administrative judge viewed the action as a good cause postponement under the statute and rule. We thus held in *Goins* (293 Md. at 111–112, 442 A.2d at 557–558):

"The defendant relies upon the administrative judge's statement that he issued the January 29th order without 'calculating' the 180–days or considering § 591 and Rule 746. However, nothing in § 591 or Rule 746 requires that the administrative judge specifically be conscious of the statute and rule. As long as the county administrative judge extends or approves of the extension of the trial date, and the order is supported by the necessary cause, the requirements and purposes of § 591 and Rule 746 have been fulfilled."

In *State v. Frazier,* 298 Md. 422, 430, 470 A.2d 1269, 1273 (1984), we re-affirmed the holding in *Goins,* stating that

> "when an order of the administrative judge necessarily has the effect of postponing the trial date past the 180–day deadline, and the order is supported by good cause, such order complies with §. 591 and Rule 746 regardless of whether the administrative judge was conscious of the 180–day deadline."

We also held in *Frazier* that the administrative judge's determination that there is good cause to postpone the trial date is "a discretionary matter, rarely subject to reversal upon review." *State v. Frazier, supra,* 298 Md. at 451, 470 A.2d at 1284. We continued in *Frazier* as follows (298 Md. at 454, 470 A.2d at 1286):

> "[T]he trial judge (as well as an appellate court) shall not find an absence of good cause unless the defendant meets the burden of demonstrating either a clear abuse of discretion or a lack of good cause as a matter of law." [2]

---

**2.** We explained in *Frazier* the nature of the changes in criminal procedure brought about by Art. 27, § 591, and the implementing rule (298 Md. at 452–453, 470 A.2d at 1285):

"As previously mentioned, neither § 591 nor Rule 746, as presently written, reflect an intent to change the established Maryland law concerning the review of a discretionary decision on the postponement of a criminal trial. While the discretionary authority over postponement is transferred from any trial judge to the administrative judge or his designee, nothing in the language of the statute or rule authorizes a broader scope of review of the discretionary decision."

\* \* \*

"As the above-cited cases illustrate, long before the enactment of § 591 and Rule 746, the law required that there be good cause for the postponement of a trial. *See,* in addition, *Marsh v. Johns,* 49 Md. 569, 571 (1878) ("No trial should be postponed unless there is some legal ground shown, or the Court is satisfied that justice requires a postponement"); 3 WHARTON'S CRIMINAL PROCEDURE § 423, at 161 (12th ed.1975). The essential changes in the law effected by § 591 and Rule 746, as presently written and as construed in *Hicks* and *Goins,* are the provision for the 180–day deadline and the requirement that only the administrative judge can postpone a trial beyond that deadline. The major safeguard contemplated by the statute and rule, for assuring that criminal trials are not needlessly postponed beyond the 180–day period, is the requirement that the

■ Consequently, even in the situation where the administrative judge does not expressly or even consciously frame an order in terms of § 591 and Rule 4–271, if an order has the effect of postponing a circuit court criminal trial beyond the 180–day period, and if the order was issued by the county administrative judge or his designee for such purposes, the order will be in compliance with § 591 and Rule 4–271 unless the *defendant* meets the burden of demonstrating a clear abuse of discretion or a lack of good cause as a matter of law. Contrary to the holding by the Court of Special Appeals in the instant case, the burden is not on the administrative judge to explain or delineate the reasons amounting to good cause for a postponement. Instead, under *Frazier*, the burden is on the defendant to demonstrate a lack of good cause as a matter of law or a clear abuse of discretion.

*Carey v. State,* 299 Md. 17, 472 A.2d 444 (1984), involved a situation similar to that in *Goins v. State.* In *Carey,* a trial date of January 26, 1982, had been set, and the 180–day time period under § 591 and the implementing rule expired on May 1, 1982. On December 17, 1981, the county administrative judge signed an order directing that the defendant be examined by the Department of Health and Mental Hygiene, and that the Department file its report by February 15, 1982. When the case was called for trial on January 26, 1982, the trial judge directed that it be re-scheduled because the defendant had not yet been examined and the report had not yet been received. A new trial date of May 25, 1982, was set. This was 24 days beyond the expiration of the 180–day period prescribed by § 591 and the implementing rule. When the case was called for trial, the defendant moved to dismiss on the ground that § 591 and Rule 746 had been violated. The trial judge denied the motion, and the defendant was convicted. This Court affirmed, rejecting the defendant's argument as follows (*Carey v. State, supra,* 299 Md. at 21–22, 472 A.2d at 446):

administrative judge or his designee, rather than any judge, order the postponement."

"As previously indicated, the principal argument by the defendant Carey is that the postponement of the January 26, 1982, trial date was not ordered by the administrative judge or his designee as required by § 591 and Rule 746. The defendant relies upon the docket entry of January 26th, stating that the trial judge directed the 'case to be re-set pending mental examination.' The fallacy in Carey's argument is the premise that the postponement of the trial date had been effected by an order of the trial judge on January 26, 1982. In reality, the January 26th trial date had already been postponed by the order of the administrative judge on December 17, 1981. Judge Frosh's statement on January 26th, as reflected in the docket entry, merely reiterated to the clerical personnel that a new trial date would have to be assigned because of Administrative Judge Cahoon's order for a mental examination.

"Directly in point is *Goins v. State,* 293 Md. 97, 442 A.2d 550 (1982)."

*See also State v. Parker,* 347 Md. 533, 540, 702 A.2d 217, 220 (1995) ("The administrative judge need not be aware that his or her postponement will carry the case beyond the 180–day limit. . . . 'It is enough that the postponement be made by the administrative judge or designee, [and] that it be for good cause . . .' "); *Rosenbach v. State,* 314 Md. 473, 477–479, 551 A.2d 460, 462–463 (1989).

█ Turning to the case at bar, the defendant Fisher's trial date was postponed beyond the 180–day period by order of the county administrative judge. In light of the circumstances, the defendant did not meet his burden of demonstrating that there was either a lack of good cause as a matter of law or a clear abuse of discretion by the administrative judge. The circumstances here are similar to those in *Green v. State,* 299 Md. 72, 472 A.2d 472 (1984). In *Green* the defense attorney's office had indicated to the prosecutor, before the trial date, that the defendant would consider pleading guilty. When the case was called for trial, the defendant indicated that he did not want to plead guilty and wanted a jury trial. The administrative judge thereupon postponed the trial to a date beyond

the 180–day deadline, and this Court held that good cause was present.

In the case at bar, the Court of Special Appeals erred in failing to recognize that, when a postponement has been effectively ordered by the county administrative judge, the burden is on the defendant to demonstrate the lack of good cause as a matter of law or a clear abuse of discretion. The administrative judge is not required to make findings or articulate reasons demonstrating that the postponement was warranted.

The defendant Fisher also argued in both courts below that the length of the delay from the December 2, 1997, trial date, to the new trial date of February 17, 1998, was "inordinate" and in violation of Art. 27, § 591, and Rule 4–271. In *State v. Frazier, supra,* 298 Md. at 448, 470 A.2d at 1282–1283, we stated as follows:

> "As recognized in both the State's and the defendants' arguments in these cases, the requirement in § 591 and Rule 746 that there be 'good cause' for a postponement of the trial date to a new date beyond the 180 day deadline has two components: 1. there must be good cause for not commencing the trial on the assigned trial date; 2. there must be good cause for the extent of the delay."

We also held in *Frazier* that the same standard of review applied "to both components" of the good cause requirement. The Court in *Frazier* thus explained (298 Md. at 454, 470 A.2d at 1285–1286):

> "Consequently, the administrative judge is ordinarily in a much better position than another judge of the trial court, or an appellate court, to make the judgment as to whether good cause for the postponement of a criminal case exists. Moreover, with regard to the extent of a postponement, even though the administrative judge may not personally select or approve the new trial date in a postponed case, such selection is made by personnel operating under his supervision and reporting to him. When he postpones a case, he is generally aware of the state of the docket in the

future, the number of cases set for trial, and the normal time it will likely take before the case can be tried.

\* \* \*

"We hold, therefore, as follows: with regard to both components of the 'good cause' requirement in § 591 and Rule 746, the trial judge (as well as an appellate court) shall not find an absence of good cause unless the defendant meets the burden of demonstrating either a clear abuse of discretion or a lack of good cause as a matter of law."

The *Frazier* case involved several separate cases where the administrative judge ordered postponements beyond the 180–day period. In one case (*State v. Frazier*) the new trial date was 86 days after the 180–day deadline; in another case (*State v. Shaw*) the new trial date was 29 days beyond the 180–day deadline; in a third case (*State v. Richardson*) the new trial date exceeded the 180–day period by 27 days. As to the "length of delay" component, this Court held as follows (298 Md. at 462, 470 A.2d at 1290):

"Moreover, there was no showing in any of the four cases that the lengths of the delays following the critical post-ponements represented a clear abuse of discretion by the administrative judge and/or the assignment personnel acting under his supervision. As far as the records show, the first available new dates for trials were assigned. There may arise cases in which the inordinate length of time until the new trial date will itself be prima facie evidence of undue delay, shifting the burden to the State to show justification. In our view, however, none of the cases at bar fall into this category."

*See also, e.g., State v. Harris,* 299 Md. 63, 472 A.2d 467 (1984) (after the critical postponement, the initial new trial date was 54 days beyond the expiration of the 180–day period, and the Court held that the administrative judge was not shown to have abused his discretion); *Green v. State, supra,* 299 Md. 72, 472 A.2d 472 (new trial date was 114 days after the 180–day deadline, and the Court held that there was no clear abuse of

discretion); *State v. Beard,* 299 Md. 472, 475, 478–479, 474 A.2d 514, 515–517 (1984) (new trial date was 70 days after the 180–day deadline, and the Court held that the defendant failed to meet his burden of demonstrating that either the postponement or the extent of the delay constituted an abuse of discretion).

If the delays in the above-cited cases did not present "prima facie evidence of undue delay, shifting the burden to the State to show justification," *Frazier,* 298 Md. at 462, 470 A.2d at 1290, the extent of the delay in the present case does not constitute such prima facie evidence. Fisher's new trial date was 42 days beyond the expiration of the 180–day period prescribed by Art. 27, § 591, and Rule 4–271. This is shorter than the delays in most of the cases cited above. Consequently, the burden was on Fisher to demonstrate that the length of the delay to the initial new trial date constituted a clear abuse of discretion. In moving to dismiss on February 17, 1998, Fisher's attorney presented no reasons as to why the scheduling of the new trial date amounted to a clear abuse of discretion.

In sum, there clearly was no violation of Art. 27, § 591, and Rule 4–271 in this case.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID BY THE RESPONDENT FISHER. COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT IN THAT COURT.*